IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Isiah K. Berry, ) | |
| ) | C/A No. 8:05-3420-GRA |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| United States of America, ) | (Written Opinion) |
| ) | |
| Respondent. ) | |
| _____) | |

This matter is before this Court on petition of Isiah Berry pursuant to 28 U.S.C. § 2255. The Petitioner filed the present petition on December 8, 2005. For the following reasons, the petition is DISMISSED.

## I. BACKGROUND

On February 22, 2005, Petitioner pled guilty before the undersigned to count one of an Indictment, being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and count two of possession of a firearm with obliterated serial number, in violation of 18 U.S.C. § 922(k). The United States Probation Office prepared a Pre-Sentence Report (hereinafter PSR) and Petitioner did not file objections. Pursuant to U.S.S.G. § 2K2.1(a)(4)(A) the Petitioner's base level was 20, because Petitioner committed the offense subsequent to sustaining one felony conviction for a crime of violence. Petitioner's base level was increased by two levels because the firearm had an altered or obliterated serial number, as set forth

1

by U.S.S.G. § 2K2.1(b)(4). However, pursuant to U.S.S.G. § 3E1.1(a) the Petitioner received a two level reduction for acceptance of responsibility. The advisory guideline range was 63 to 78 months imprisonment. Petitioner was sentenced to 63 months as to count one for violation of 18 U.S.C. § 922(g)(1), which has a maximum sentence of ten years and 60 months for count two of possession of firearm with obliterated serial number, in violation of 18 U.S.C. § 922(k), which was the maximum for said offense. The sentences ran concurrent and Petitioner received three years supervised release. Petitioner did not file a direct appeal and timely filed the instant § 2255 on December 8, 2005. Petitioner alleges:

1) "Counsel was ineffective at sentencing in failing to argue that Petitioner was not given proper "notice" of the specific prior conviction in the criminal complaint nor count one of the Indictment to be used as the factual basis by the U.S. Attorney (AUSA) to duly establish him as a "felon," and prior conviction was not proven as an element of the 922(g)(1) offense beyond a reasonable doubt by a jury pursuant to *U.S. v. Booker*, 543 U.S 220, 125 S.Ct. 738, (2005)."

2) "Counsel was ineffective at sentencing in failing to argue that the supervised release term and special assessment fee were duly inapplicable to be imposed by the court due to the terms were not listed in counts one and two, nor submitted to a jury and proven beyond a reasonable doubt as an element of count one and two

pursuant to *Booker, supra*."

3) "Counsel was ineffective at sentencing in failing to attack the AUSA-computed sentencing ranges for an enhanced sentence was duly inapplicable to be imposed by the Court due to the AUSA had failed to comply with the strict procedural due process clause of 851(a)(1) to serve "notice" on the Defendant or his/her counsel prior to the Defendant signing the guilty plea agreement."

4) "Counsel was ineffective at sentencing in failing to attack a double counting/double jeopardy error was committed during the computation of the sentencing ranges by the AUSA and PSR by the sentencing ranges containing both a 922(k) offense [listed in count two of the indictment] and a 2k2.1(b)(4) two level PSI enhancement deriving from the alleged firearm having a altered or obliterated serial number upon it."

5) "Counsel was ineffective at sentencing in failing to attack both counts one and two failing to state an "unlawful" act against the United States due to the counts duly failed to quote "unlawful" as a part of the statutory language of 18 U.S.C. § 922(g)(1), nor was "unlawful" submitted to a jury and proven beyond a reasonable doubt as an essential element of count one and two pursuant to *Booker, supra*."

6) "Counsel was ineffective at sentencing in failing to attack the Court

>did not comply with procedural requirements to inquire of the Defendant whether he denies or affirms that he has been previously convicted as alleged in the 851(a)(1) "notice" pursuant to 851(b)."

## II. DISCUSSION

Petitioner brings this motion *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, 439 U.S. 970 (1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Cruz v. Beto*, 405 U.S. 319 (1972).

Petitioner asserts that his attorney was ineffective in his representation based on the six grounds stated above. To establish a claim of ineffective assistance of counsel, a petitioner must show that (1) his counsel's performance was deficient, and (2) that counsel's deficient performance prejudiced the petitioner. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). An attorney's performance is deficient if it "fell below an objective standard of reasonableness." *Id.* at 688. In considering the deficiency, the court's "scrutiny of counsel's performance must be highly deferential," and there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

Not only must a petitioner prove deficiencies by counsel, there must also be

a showing that the deficiencies actually prejudiced the case. Normally to show prejudice, the Petitioner must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In a case where the Petitioner has entered a guilty plea, proving prejudice is somewhat different. In this situation, Petitioner must establish "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The Court rejects the Petitioner's ineffective assistance of counsel claims as set forth below.

## GROUND ONE

Petitioner claims he was not given proper notice of a specific prior conviction to establish him as a "felon" and that conviction was not proven as an element of 18 U.S.C § 922(g)(1) beyond a reasonable doubt by a jury pursuant to *U.S. v. Booker*, 543 U.S 220, 125 S.Ct. 738, (2005).

In *Booker, supra*, the Supreme Court held that the mandatory manner in which the Federal Sentencing Guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment. *Id.* at 746, 750. The Court remedied the constitutional violation by making the Guidelines advisory through the removal of two statutory provisions that had rendered them mandatory. *Id.*

In *Almendarez-Torres v. United States*, 523 U.S. 224, 233-35, 118 S.Ct.

1219, 140 L.Ed.2d 350 (1998), the Supreme Court held that the government need not allege in its indictment and need not prove beyond reasonable doubt that a defendant had prior convictions for a district court to use those convictions for purposes of enhancing a sentence. Although the opinion in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), expressed some uncertainty regarding the future vitality of *Almendarez-Torres*, the court has subsequently confirmed that *Almendarez-Torres* was not overruled by *Apprendi*, and remains the law. *United States v. Cheek*, 415 F.3d 349 (4th Cir.2005); *see United States v. Sterling*, 283 F.3d 216, 220 (4th Cir.2002); *see generally Shepard v. United States*, ---U.S. ----, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005). *Booker* did not overrule this exception, it still remains the law. *see U.S. v. Moore*, 401 F.3d 1220, 1221 (10th Cir. 2005); *Booker* at 756.

This Court finds that the Petitioner did not receive an enhanced sentence above the statutory maximum. Petitioner was sentenced to 63 months for violation of 18 U.S.C. § 922(g)(1), which has a maximum sentence of ten years and 60 months for possession of firearm with obliterated serial number, in violation of 18 U.S.C. § 922(k), which was the maximum for said offense. The sentences ran concurrent. The 63 months pursuant to 922(g)(1) is below the maximum of ten years for that offense and Petitioner received the maximum of 60 months pursuant to 922(k). *See* 18 U.S.C. §§ 924(a)(2) and 924 (a)(1)(B). The Petitioner did not receive an enhanced sentence above the statutory maximum and as set forth above,

the Supreme Court found in *Booker* that only facts "other than a prior conviction" were subject to the jury requirements of the Sixth Amendment. *Id.* at 756. Therefore the Court finds that Petitioner's first ground is without merit and fails to satisfy the first prong of *Strickland* that counsel's performance was deficient. Petitioner's "notice" argument is discussed more fully below.

**GROUND TWO**

Petitioner's second claim states: counsel was ineffective at sentencing in failing to argue that the supervised release term and special assessment fee were duly inapplicable to be imposed by the court due to the terms were not listed in counts one and two, nor submitted to a jury and proven beyond a reasonable doubt as an element of count one and two pursuant to *Booker, supra*.

Petitioner's second claim is wholly without merit. Supervised release and special assessment fees are not an element of 18 U.S.C. § 922(g)(1) or 18 U.S.C. § 922(k), neither are they facts that need to be alleged in the indictment or proved beyond reasonable doubt or admitted to by the Defendant. The Petitioner's guideline range for a term of supervised release was at least two years but not more than three years, pursuant to U.S.S.G. § 5D1.2(a)(2). If a sentence of imprisonment of one year or less is imposed, a term of supervised release is not required but is optional, pursuant to U.S.S.G. § 5D1.1(b). Supervised release is required if the Court imposes a term of imprisonment of more than one year, pursuant to U.S.S.G. § 5D1.1(a). The Petitioner pled guilty to counts one and two of the Indictment and

the undersigned sentenced Petitioner to a term of more than one year. Pursuant to 18 U.S.C. § 3583(b)(2) the Court had the authority to impose a term of supervised release of not more than three years. Petitioner received three years supervised release. Further the Court imposed a special assessment fee of $100.00 as to count one and $100.00 as to count two for a total of $200.00. This special assessment fee is mandatory, pursuant to 18 U.S.C § 3013. Therefore Petitioner's second claim is without merit and fails to satisfy the first prong of *Strickland* that counsel's performance was deficient.

## GROUND THREE

Petitioner's third claim states: counsel was ineffective at sentencing in failing to attack the AUSA-computed sentencing ranges for an enhanced sentence was duly inapplicable to be imposed by the Court due to the AUSA had failed to comply with the strict procedural due process clause of 21 U.S.C 851(a)(1) to serve "notice" on the Defendant or his/her counsel prior to the Defendant signing the guilty plea agreement.

Petitioner claims he received an enhanced sentence under the sentencing guidelines and therefore himself and/or his counsel were required to get notice as set forth in 21 U.S.C 851(a)(1). This argument is clearly foreclosed by established precedent in this Circuit. "It is clear, however, that section 851 was never intended to extend to enhancements under the Guidelines. The enhanced punishments to which section 851 refers are those provided for by statute." *United States v. Foster*,

68 F.3d 86, 89 (1995). Further, "virtually every court to consider the issue of whether an information must be filed before the government can seek an enhanced sentence under the Sentencing Guidelines has concluded, section 851's requirement that the government file an information before entry of a guilty plea simply does not apply when the government seeks enhancements under the Guidelines." *Id*. (citations omitted). As stated above, the Petitioner did not receive an enhanced sentence above the statutory maximum for either count that he pled guilty to and his argument is foreclosed by the authority stated above. Therefore Petitioner's third claim is without merit and fails to satisfy the first prong of *Strickland* that counsel's performance was deficient.

## GROUND FOUR

Petitioner's fourth claim states: counsel was ineffective at sentencing in failing to attack a double counting/double jeopardy error was committed during the computation of the sentencing ranges by the AUSA and PSR by the sentencing ranges containing both a 922(k) offense [listed in count two of the indictment] and a 2k2.1(b)(4) two level PSI enhancement deriving from the alleged firearm having a altered or obliterated serial number upon it.

The primary thrust of the Double Jeopardy Clause is to protect a defendant from multiple punishments or successive prosecutions for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969). "[W]here there is no threat of either multiple punishment or successive

prosecutions, the Double Jeopardy Clause is not offended." *United States v. Wilson*, 420 U.S. 332, 344, 95 S.Ct. 1013, 1022, 43 L.Ed.2d 232 (1975).

Petitioner pled guilty to possession of firearm with obliterated serial number, in violation of 18 U.S.C. § 922(k). The PSR gave Petitioner a two level enhancement pursuant to U.S.S.G. § 2k2.1(b)(4) because the firearm had an altered or obliterated serial number. Petitioner then received a two level reduction for acceptance of responsibility. 18 U.S.C. § 922(k) is the substantive offense that Petitioner pled guilty to, while U.S.S.G. § 2k2.1(b)(4) applies to the punishment for that offense. Therefore there is no threat of either multiple punishment or successive prosecutions, and the Double Jeopardy Clause is not offended. *Id.* at 344. Further Petitioner received a two level reduction for acceptance of responsibility, so that in itself negated whatever argument Petitioner thinks he might have had. This Court finds Petitioner's fourth ground to be without merit and therefore sees no evidence that counsel was deficient in failing to object on this ground.

## GROUND FIVE

Petitioner's fifth claim states: counsel was ineffective at sentencing in failing to attack both counts one and two failing to state an "unlawful" act against the United States due to the counts duly failed to quote "unlawful" as a part of the statutory language of 18 U.S.C. § 922(g)(1), nor was "unlawful" submitted to a jury and proven beyond a reasonable doubt as an essential element of count one and

two pursuant to *Booker, supra*.

Petitioner's claim is wholly without merit. The Grand Jury found and Petitioner was indicted and pled guilty to count one of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and count two of possession of firearm with obliterated serial number, in violation of 18 U.S.C. § 922(k). Nowhere is it found that the word "unlawful" must be quoted by the AUSA or the Court, Petitioner was indicted and pled guilty to 922(g)(1) and 922(k), if anything the word "unlawful" was incorporated within the statute as stated in the Indictment. Further the word "unlawful" need not be submitted to a jury nor proven beyond a reasonable doubt. This Court finds Petitioner's fifth ground to be without merit and therefore see no evidence that counsel was deficient in failing to object on this ground.

## GROUND SIX

Petitioner's sixth claim states: counsel was ineffective at sentencing in failing to attack the Court did not comply with procedural requirements to inquire of the Defendant whether he denies or affirms that he has been previously convicted as alleged in the 851(a)(1) "notice" pursuant to 851(b).

As discussed above, *Foster* states: "virtually every court to consider the issue of whether an information must be filed before the government can seek an enhanced sentence under the Sentencing Guidelines has concluded, section 851's

requirement that the government file an information before entry of a guilty plea simply does not apply when the government seeks enhancements under the Guidelines." *Id*. (citations omitted). Therefore Petitioner's sixth claim is without merit and again the Court sees no evidence that counsel was deficient in failing to object on this ground.

Upon review of the record, Petitioner's attorney's performance was well within the range of competence required of counsel. Accordingly, petitioner's claims that his counsel was ineffective are without merit and do not satisfy the first prong of *Strickland* and therefore must be DISMISSED.

IT IS THEREFORE ORDERED that this petition is DISMISSED.

IT IS SO ORDERED.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

January 9, 2006

## NOTICE OF RIGHT TO APPEAL

Petitioner has the right to appeal this Order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate

Procedure, will waive the right to appeal.